# Exhibit B

09/22/2020 4:59 PM

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of ) | |
| ) | Civil Action No. : __-mc-_____ |
| PIRAEUS BANK ) | |
| ) | |
| For an Order Directing Discovery from ) | |
| NASDAQ Stock Market LLC and ) | |
| OTC Markets Group ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:    OTC Markets Group

    ✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit A**.

| Place:    REED SMITH , LLP<br>599 Lexington Avenue, 22nd Floor<br>New York, New York 10022 | Date and Time:<br><br>_____, 2020, 10:00 a.m. |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date    _____
                        *CLERK OF COURT*
                                            OR

    _____        _____
    *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Piraeus Bank, who issues or requests this subpoena, are: Joseph J. Tuso Reed Smith LLP, Samuel Kadosh., 599 Lexington Avenue, 22nd Floor, New York, NY 10022; tel: 212-549-0451; email: skadosh@reedsmith.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **EXHIBIT A**

## **DEFINITIONS**

The following definitions are employed in the document requests below:

1.     "Document" is used in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and shall include, but not be limited to, letters, logs, spreadsheets, memoranda, drafts, notes, records, reports, summaries, claims, paper writings, forms, calendars, appointment books, expense vouchers, receipts, telephone records, diaries, lists, indices, writings, charts, graphs, photographs, drawings, audio recordings, video recordings, electronic mail, computer files, including any and all information contained or stored in any electronic or computerized manner (such as, without limitation, hard drives, personal computers, workstations, external or removable storage devices, optical disks, CD-ROMs, zip disks, USB drives, computer tapes, or digital storage media of any kind) on any network, local area network, intranet and/or cloud-based storage system, as well as any other data compilations or depositories from which information can be obtained.

2.     The terms "concerning" or "concern" or "relating to," "relate to," "related to," or "in relation to" shall mean all information or documentation which is relevant in any way to the subject matter, including, without limitation, all information or documentation which constitutes, represents, contains, records, reflects, refers to, summarizes, evaluates, comments upon, transmits, describes, mentions, alludes to, or in any way discusses the subject matter of any request.

3. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this these requests information that might otherwise be construed to be outside its scope.

4. "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

5. "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

6. "You" or "Your" or "Yours" shall mean the OTC Markets Group, and all of its respective past or present subsidiaries and related companies, and all of its present and former members, partners, principals, directors, executives, officers, employees, representatives, agents, consultants, attorneys (to the extent an attorney communication is not subject to privilege), or any other representative acting on its behalf.

7. "Requests" means the enumerated requests set forth herein.

8. "Person" or "Persons" means natural persons, proprietorships, corporations, partnerships, joint trusts, joint ventures, groups, associations, organizations, and all other entities.

9. "Zolotas" means Michail Zolotas or Michael Zolotas.

10. "Newlead" means Newlead Holdings Ltd. as well as its subsidiaries, affiliates, officers, directors, employees, partners, representatives, advisors, consultants, agents, attorneys, predecessors, successors, assigns, and any other Persons acting, or purporting to act, on its behalf.

11. "OTC Pink" means the Pink Open Market, the lowest tier of the OTC Markets Group.

## INSTRUCTIONS

1. Each Request for production of documents contemplates production in full, without abbreviation or redaction of any kind.

2. The singular form of any word used in these requests shall include the plural form and vice versa.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside of their scope.

4. Each request for documents contemplates production in a readily accessible format. All electronically stored information ("ESI") shall be produced in Single-paged Tagged Image File Format (".tiff") with Optical Cross-Reference (i.e., OPT) and a Concordance (i.e., DAT) Cross-Reference Loadfile. All ESI shall be produced to a media (e.g., CD, DVD, or HDD) as required by data size.

5. If any documents called for by the Requests are withheld from production, furnish a list of such documents containing a complete description of each document, including: (a) the date and number of pages of the document; (b) its title (if any); (c) its subject matter; (d) the identity of each attachment or appendices to the document; (e) the name and identification of each person to whom it is addressed; (f) the name and identification of each person to whom the document was distributed, shown or explained; (g) the name and identification of the person or persons by whom it was written; (h) its present custodian; and (i) the ground or grounds upon which it is being withheld. If a privilege is asserted as a ground for not producing or otherwise responding to a request, describe the factual basis for the claim of privilege in sufficient detail so as to permit the court to adjudicate the validity of the claim of privilege.

6. If any document requested herein has been destroyed, discarded, or in no longer in your possession, identify each such document by stating: (a) any addressor or addressee; (b) the addresses of any indicated or blind copies; (c) the date, subject matter, and number of pages of the document; (d) the identity of any attachments or appendices to the document; (e) all persons to whom the document was distributed, shown, or explained; (f) its date of destruction or discard, manner of destruction or discard and reason for destruction or discard; and(g)the persons authorizing and carrying out such destruction or discard.

7. Unless otherwise expressly stated in writing, failure to produce any item requested herein shall constitute a representation that such item does not exist or is not in your possession, custody or control.

8. In responding to the Requests, you shall produce all responsive Documents available at the time of production, and you shall supplement your responses as necessary.

9. Unless otherwise noted, the Requests cover the period from September 22, 2014 through the present.

## DOCUMENTS REQUESTED

**REQUEST NO. 1**

Non-privileged documents concerning Newlead's compliance or non-compliance with Your listing qualifications from September 22, 2014 to July 29, 2019.

**REQUEST NO. 2**

Non-privileged documents concerning Your decision to de-list Newlead from OTC Pink on July 29, 2019.

**REQUEST NO. 3**

Non-privileged documents concerning Your decision to issue Newlead a "caveat emptor" designation on or about October 5, 2018.

**REQUEST NO. 4**

Any response or communications from Newlead concerning Your decision to de-list Newlead from OTC Pink on July 29, 2019.

**REQUEST NO. 5**

Any response or communications from Newlead concerning Your decision to issue Newlead a "caveat emptor" designation on or about October 5, 2018.