**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| IN RE APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY IN AID OF FOREIGN PROCEEDINGS | Misc. Action No. |

**DECLARATION OF CHARLES M. HEWETSON IN SUPPORT OF PIRAEUS BANK SA'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING**

Pursuant to 28 U.S.C. § 1746, I, Charles M. Hewetson, declare as follows:

1.      I was admitted as a solicitor of the Supreme Court of England and Wales in 1989. I am a partner in the London office of the law firm Reed Smith LLP, which is counsel for Piraeus Bank SA ("**Piraeus**").

2.      I am over the age of 18 and make this declaration from personal knowledge based on information and documents reviewed or referenced herein.

3.      I submit this declaration in support of the application filed by Piraeus for an order pursuant to 28 U.S.C. § 1782 granting leave to obtain discovery from NASDAQ Stock Market LLC ("**NASDAQ**") and OTC Markets Group ("**OTC**" and together with NASDAQ, "**Respondents**") for use in an anticipated foreign proceeding before the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (the "**English Court**") against Newlead Holdings, Ltd. ("**Newlead**") (the "**Anticipated Proceedings**").

4.      The Anticipated Proceedings will revolve around Newlead's failure to meet its obligations under a Guarantee and Indemnity agreement, dated December 10, 2010 (the "**Guarantee**").  Under the Guarantee, Newlead was obligated to re-pay loan amounts (in addition

to interest and fees) that its affiliates borrowed from Piraeus pursuant to a Revolving Credit Facility, dated December 10, 2010 (the "**Revolving Credit Facility**").  The borrowers borrowed more than $48,970,000 from Piraeus under the Revolving Credit Facility but neither the borrowers nor Newlead have made the required payments to Piraeus.

5.      By letter dated February 27, 2015 (the "**February 27th Letter**"), Piraeus notified the borrowers and Newlead that (i) they were in breach of the Revolving Credit Facility and Guarantee due to their failures to pay overdue accrued interest in the aggregate sum of $1,257,328.68, default interest in the sum of $3,255,263.68, and management fees in the aggregate sum of $921,275.55; (ii) such breaches constituted an Event of Default under the Revolving Credit Facility; and (iii) the Revolving Credit Facility was therefore terminated and the indebtedness in the total sum of $38,034,480.53 was immediately due and payable.

6.      The Guarantee also required Newlead to comply with certain financial undertakings and other undertakings relevant to its listing on public financial markets.  Specifically, Newlead was obligated to (a) maintain a valid corporate existence in Bermuda, its place of incorporation, (b) pay all taxes and governmental charges it incurred, (c) provide, for itself and the borrowers, annual audited financial statements and quarterly unaudited financial statements to Piraeus (as well as other financial information), (d) maintain certain working capital amounts and equity ratios, and (e) "comply with all relevant legislation and laws and regulations (including but not limited to the laws and regulations relating to the listing of the shares of [Newlead] on NASDAQ)."

7.      Newlead has breached these obligations under the Guarantee by, among other things, failing to pay amounts due under the Revolving Credit Facility and being de-listed from NASDAQ on June 25, 2014 and from the OTC Pink Open Marketplace maintained by OTC on

July 29, 2019.  Piraeus intends to collect on Newlead's outstanding indebtedness under the Guarantee  by way of the Anticipated Proceedings.

8.      None of the Respondents are a party to the Anticipated Proceedings.  However, upon information and belief, each of the Respondents is in possession, custody, or control of discrete and highly relevant categories of documents relating to the de-listing of Newlead from their respective financial markets and therefore, one of several Events of Default that enabled Piraeus to terminate the Revolving Credit Facility and demand all outstanding indebtedness immediately due and payable.

9.      Specifically, I understand that the Respondents most likely have information that is important to the Anticipated Proceedings because they are the parties that have documents relevant to their respective determinations to de-list Newlead from their respective financial markets and the reasons for such de-listings.  This information will enable Piraeus to prove their forthcoming allegations against Newlead in the Anticipated Proceedings that multiple Events of Default occurred and Newlead breached the terms of the Guarantee.

10.     English Law permits pre-action disclosure under CPR 31.16, but only against a person who is likely to become a party to the Anticipated Proceedings.  Although pre-action disclosure may be available against non-parties under the principles in *Norwich Pharmacal Company & Ors v Customs and Excise [1973] UKHL 6*, the English Courts will not usually make an order for disclosure where the respondent is outside of the English Court's jurisdiction.

11.     Once proceedings have commenced, English law requires disclosure between the parties to the proceeding.  Under CPR 31.17, disclosure may be obtained from non-parties within the English Court's jurisdiction.  The English Court will not, however, compel a non-party abroad to provide documentary or testimonial evidence.  Notwithstanding such restriction, the English

Court will not generally prevent a party from taking steps abroad to obtain documents or evidence using the powers and remedies of the local court.

12.     Accordingly, the documents Piraeus seeks in its application, which are necessary to support the Anticipated Proceedings¸ are not within the jurisdiction of the English Court because they are maintained outside of England by parties that will be third-parties to the Anticipated Proceedings.

13.     There is no indication, or reason to believe, that the English Court—where the foreign legal proceeding is currently pending—would be unreceptive to U.S. federal-court judicial assistance by way of Section 1782 discovery.  Moreover, Petitioner's request does not seek to, and does not have the effect of, circumventing any foreign proof-gathering restrictions or other policies.  I am also unaware of any law or rule of the English Court that would prohibit Piraeus from seeking evidence in the U.S. or elsewhere in support of the Anticipated Proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on September  16, 2020

*Charles M. Hewetson*
_____
Charles M. Hewetson