UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

PIRAEUS BANK

Civil Action No. 1:20-mc-00332-GBD

**STIPULATED PROTECTIVE ORDER**

**WHEREAS,** on or about October 7, 2020, Piraeus Bank S.A. ("Piraeus") served a subpoena on OTC Markets Group Inc. ("OTC Markets Group") in the above-titled action (the "Action"); and

**WHEREAS**, Piraeus and OTC Markets Group (collectively, the "Parties"), hereby stipulate that a Stipulated Protective Order be entered into between the Parties for certain responsive documents produced by OTC Markets Group in response to the subpoena as follows:

1. **Purpose and Scope.**

   a. This Stipulated Protective Order shall limit the use and/or disclosure of documents which are, or which embody or disclose any information, designated hereunder as CONFIDENTIAL ("Confidential Information") and shall apply to:

      i. All such documents produced by OTC Markets Group and designated as "CONFIDENTIAL" in accordance with this Stipulated Protective Order and all information contained therein; and

      ii. All information, copies, extracts, and complete or partial summaries prepared or derived from Confidential Information.

   b. Information designated "CONFIDENTIAL" shall be used only for the purposes of this Action and may not be disclosed to any person (i.e., individual or entity) unless explicitly permitted by OTC Markets Group or pursuant to the terms of this Stipulated Protective Order.

   c. Any person to or by whom disclosure or inspection is made in violation of this Stipulated Protective Order, and who has knowledge of this Stipulated Protective Order, shall be bound by the terms hereof.

2. **Designation of Documents as "CONFIDENTIAL".**

   a. Designation of a document as "CONFIDENTIAL" shall be made by conspicuously

stamping or writing "CONFIDENTIAL" on each page thereof. For documents produced in native or electronic format, the designation shall be appended to the filename.

b. OTC Markets Group shall use reasonable care and act in good faith to avoid designating any documents or materials as "CONFIDENTIAL" that are not entitled to such designation or that are generally available to the public.

c. In designating documents, testimony, or other information as "CONFIDENTIAL" hereunder, OTC Markets Group asserts that it believes in good faith that such material is its Confidential Information which (i) is not otherwise available to the public generally; (ii) contains trade secrets, proprietary business information, competitively sensitive information, relates to any current or former OTC Markets Group client, including any such current or former client's personal identifying information, or other information the disclosure of which would, in the good faith judgment of OTC Markets Group, be detrimental to the conduct of OTC Markets Group's business or the business of the OTC Markets Group's customers or clients; or (iii) is information which OTC Markets Group believes is or may be encompassed by a preexisting confidentiality agreement with any other person.

d. OTC Markets Group's failure to designate a document as "CONFIDENTIAL" shall not be construed as a waiver of OTC Markets Group's claim, with respect to present and future litigation involving the Parties or other persons, that the document contains Confidential Information.  OTC Markets Group's failure to designate information as "CONFIDENTIAL" under this Stipulated Protective Order shall not operate as a waiver of OTC Markets Group's right to designate such information as "CONFIDENTIAL" under this Stipulated Protective Order so long as OTC Markets Group takes steps to designate such information as "CONFIDENTIAL" within a reasonable time of learning that it inadvertently produced Confidential Information without designating it as "CONFIDENTIAL".   In the event that Confidential Information is designated as "CONFIDENTIAL" after disclosure, Piraeus shall employ reasonable efforts to ensure that all previously disclosed information now designated as "CONFIDENTIAL" is subsequently treated as required by the terms of this Stipulated Protective Order.

e. Nothing in this Stipulated Protective Order and no designation of any document or

information as "CONFIDENTIAL" shall be construed to constrain, preclude, waive or otherwise affect in any manner OTC Markets Group's right to claim Confidential Information as privileged at a later point in time.

3. **Limitations on Disclosure and Use of Confidential Information.**

    a. Confidential Information shall not be disclosed by any person who has received such information through discovery in this Action to any other person except to:

        i. Retained counsel for Piraeus and their respective associates, of counsel, paralegals, clerks, and employees involved in the conduct of this litigation;

        ii. Piraeus, Piraeus' internal counsel and Intrum Hellas, the loan servicing entity for Piraeus; and

        iii. Outside experts and consultants retained by Piraeus or counsel for Piraeus for the purpose of preparing or assisting in this Action, and their respective clerks and employees involved in assisting them in this litigation and any related litigations, to the extent deemed necessary by counsel.

    b. No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein, and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than in accordance with the provisions of this Stipulated Protective Order.

    c. Piraeus represents that it has the power and authority to cause, and shall cause, each of the individuals and entities described in paragraph 3(a)(i)-(iii) to comply with the terms of this Stipulated Protective Order. Except for the individuals and entities described in paragraph 3(a)(i)-(ii), any person that receives or is shown any Confidential Information shall be given a copy of this Stipulated Protective Order and shall agree in writing, in the form of the "Agreement to be Bound by Terms of the Stipulated Protective Order" attached hereto as Exhibit A, to be bound by the terms hereof.

    d. Nothing in this Stipulated Protective Order shall limit the use (i) by OTC Markets Group of its own document(s) or information, or (ii) by Piraeus of any documents or information obtained independently of discovery through lawful means in the Action.

4.    **Challenge to Confidential Information Designation.**   In the event that Piraeus disagrees with OTC Markets Group's designation of a document or other information as "CONFIDENTIAL", it may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not confidential.  Prior to bringing such motion, Piraeus shall notify OTC Markets Group in writing of the objection. The Parties shall attempt to resolve such disagreements before submitting them to the Court. Pending resolution of any dispute concerning such designation, all Parties and persons governed by this Stipulated Protective Order shall treat as "CONFIDENTIAL" all documents and information previously designated as "CONFIDENTIAL" under the terms of this Stipulated Protective Order.

5.    **Disclosure of Confidential Information to the Court or in Other Proceedings.**
   a. In the event that Piraeus desires to file or otherwise disclose Confidential Information with the Court in this Action or any papers containing Confidential Information, such documents or portions thereof containing or making reference to such Confidential Information shall be filed in redacted form or under seal in accordance with the rules of the Court.
   b. This Stipulated Protective Order shall not preclude or limit OTC Markets Group's right to oppose or object to discovery on any ground which otherwise would be available, including, but not limited to, the right to seek further and additional protection against, or limitation upon, production or dissemination of information produced in response to discovery, including documents and their contents.
   c. In the event Piraeus desires to file or otherwise disclose Confidential Information in any other litigation or court proceeding, such documents or portions thereof containing or making reference to such Confidential Information shall be filed in redacted form or under seal in accordance with the rules of the court.  Under no circumstances may Piraeus disclose the Confidential Information to any other party or non-party to any other litigation or court proceeding unless that party or non-party agrees in writing, in the form of the "Agreement to be Bound by Terms of the Stipulated Protective Order" attached hereto as Exhibit A, to be bound by the terms hereof.  If any such party or non-party attempts to gain access to Confidential Information in any other litigation or court proceeding without agreeing to be bound by the terms hereof, whether by challenging the confidential information designation

4

or Piraeus' filing the information in redacted form or under seal, Piraeus shall notify OTC Markets Group within 5 days and not disclose the information until allowing the OTC Markets Group 14 days to oppose the request.

    d.  If another court, an administrative agency, or party to the Action subpoenas or orders production of Confidential Information obtained under the terms of this Stipulated Protective Order, before complying with such subpoenas or orders, and within five (5) days of receiving such subpoena or order, Piraeus shall notify OTC Markets Group of the pendency of such subpoena or order and shall not comply with the subpoena or order until allowing the OTC Markets Group 14 days to challenge the subpoena or order.

**6.**    **Privileged Information.**  The Parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such document is inadvertently produced, Piraeus agrees that, upon request from OTC Markets Group, it will promptly return the document and all copies of the document in its possession, delete any version of the document on any database it maintains and make no use of the information contained in the document.

**7.**    **Remedies.**  The Parties hereby, and all other persons who receive Confidential Information pursuant hereto, agree that OTC Markets Group does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event that the terms of this Stipulated Protective Order are violated, the Parties agree that OTC Markets Group may immediately obtain injunctive relief against any such person. Any person subject to the terms of this Stipulated Protective Order agrees that the Court in this Action shall retain jurisdiction over it and them for the purposes of enforcing this Stipulated Protective Order. The remedies set forth in this Section 7 are not exclusive to any other remedies that OTC Markets Group may elect to pursue, including but not limited to appropriate sanctions and damages.

**8.**    **No Admissions.**  Neither entering into this Stipulated Protective Order nor receiving any documents or other information designated as "CONFIDENTIAL" shall be construed as an agreement or admission (1) that any document or information designated as "CONFIDENTIAL" is in fact protected information; (2) as to the correctness or truth

of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL" or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "CONFIDENTIAL."

9. **Destruction of Materials.** Upon final termination of this Action and upon request of the OTC Markets Group, Piraeus shall return and/or destroy all Confidential Information, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, documents filed with the Court that refer to or incorporate Confidential Information, and attorney work product materials that contain Confidential Information will continue to be bound by this Stipulated Protective Order with respect to all such retained information.

10. **Miscellaneous.**

   a. OTC Markets Group and Piraeus agree to treat this Stipulated Protective Order as binding upon execution by all Parties.

   b. This Stipulated Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

   c. The Court shall retain jurisdiction in connection with the enforcement of this Stipulated Protective Order. Except to the extent that federal law may be applicable, this Stipulated Protective Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles. Any dispute between the Parties regarding this Stipulated Protective Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

**SO STIPULATED AND AGREED.**

DATE: November 20, 2020                    **OTC MARKETS GROUP INC.**


*/s/ Daniel Zinn*
Daniel Zinn
General Counsel and Corporate Secretary


DATE: November 20, 2020                    **REED SMITH LLP**


*/s/ Blake M. Simon*
**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Tel:  (212) 521-5400
Fax:  (212) 521-5450
bsimon@reedsmith.com
*Counsel for Applicant, Piraeus Bank S.A.*

**SO ORDERED.**

DATE:                    NOV 2 3 2020

UNITED STATES DISTRICT JUDGE

## Exhibit A
### Agreement to be Bound by Terms of the Stipulated Protective Order

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree to be bound by the Stipulated Protective Ordered entered into between Piraeus and OTC Markets Group dated in or about November 2020. I further agree that I will not disclose any information contained in such confidential documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)